Stanton et al. v. Ryan.

JOHN A. STANTON and THOMAS W. STANTON, Respondents, *v.* THOMAS RYAN, Appellant.

*Evidence—Witnesses—Parties—Husband and Wife.*—In an action by surviving partners upon a *quantum meruit*, the answer alleging a special contract made with the deceased partner, the defendant is not a competent witness under the statute (G. S. 1865. p. 586, § 1) to prove a special contract made by himself with the deceased partner. Where the wife acted as agent for her husband in making a contract, she is a competent witness to prove the terms of the contract, although the party with whom the contract was made had deceased—G. S. 1865, p. 586, § 5. The provisions of sec. 5 are not controlled or modified by those of § 1, ch. 144, G. S. 1865.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead* and *Blackwell & Farish,* for appellant.

I. William Stanton being dead, the plaintiffs (his survivors) were not competent witnesses in their own behalf, and especially to testify on this point as to whether there was or was not a contract.

II. If they were competent for such purposes, then the defendant was alike competent on the same principle for the same purposes:

III. It was error to refuse permission to defendant to testify as to the agency of his wife in the transaction.

IV. The wife was permitted to testify to the agency and some acts done under the agency ; and it was fatal error to refuse her testimony as to the plaintiff's bid for the work and contract made by her as agent with them, and the facts and transactions thereunder.

The first and second propositions considered together involve the proper construction of the first proviso of § 1, ch. 144, p. 586, Gen. Stat. Where one of the original parties to the contract or cause of action is dead, the other party shall not be admitted to testify in his own favor. This is a very loose, vague and uncertain provision. What is meant by "one of the original parties to the contract or cause of action"? If there are but two contracting persons—one

party of one part, the other party of the other part—then it is plain and intelligible; but if three persons jointly as partners are parties of one part to a contract or cause of action, all equally active, present and participating, and one of them dies, has one of the original parties to the contract or cause of action died? Or has only one person of those who were " one of the original parties to the contract" died? Two or twenty persons of the party of one part to a contract may still live and prosecute their suit against one person (the party of the other part); and because one of the plaintiff's co-contractors has died, can it be that the Legislature intended that this party of the other part (defendant) is thereby rendered incompetent? It would be unreasonable, and the statute does not so declare.

But if this construction is contended for, then we say, in carrying out that construction, if the death of one of several co-contractors excludes the other party, surely it excludes the survivors also; for, clearly, the object of the proviso was only to exclude the evidence of one party to the transaction, unless that of the other or adverse party to the transaction could be heard; and if one will not be heard, the other will not.

The court below, it will be seen, permitted two of the three co-contractors of one part to testify on all matters, and then refused the other party the right to do the same; and, more strange, the court seems to have compromised the question by permitting defendant to testify in his own favor as to many facts and matters and some branches of the defence, and refusing it on others, when the language of the statute is express, that, if the state of facts exists contemplated by the proviso, then he is not admitted to testify in his own favor. If, then, he was competent in his own favor, he was to all points and for all purposes a witness; he was either competent or incompetent to be a witness, to give all or no evidence relevant. If, then, the plaintiffs were not competent to testify for themselves, both they and defendant should have been excluded. And, clearly, if they were competent,

the other party was alike competent. In either construction, the court misapprehended the statute. But, in any view or construction, there is no authority for the ruling of the court, that the plaintiffs were competent for all purposes; and defendant was competent as to some points of defence, but not as to others; for he was either competent or incompetent generally, as a witness in the cause, as to any and all legitimate matters of defence.

II. As to the refusal of the court to permit Mrs. Ryan to testify to the transactions which were had and conducted by her as the agent of her husband, we have never been able to learn upon what ground it was based. The agency, and the fact that the transaction was had and conducted by her, were fully shown and not disputed—G. S. 1865, p. 587, § 5.

It cannot be claimed that the death of one of the plaintiffs, or even of all the plaintiffs, can affect her competency in such case, for there is no proviso, condition or qualification of the kind as to her.

A married woman has not been disqualified on the ground of interest, but on account of her legal and social relation to her husband. It was against the policy of the law that this social relation should be disturbed or endangered by permitting or compelling the wife to testify for or against her husband, generally; the well-being of society and of the commonwealth forbade it. The 5th section is designed to modify and change this in the cases specified in that section, and has no relation to any other section of the act. It plainly removes this disqualification in precisely the case before us by the third clause of the section. And the only proviso to this 5th section is, that the married woman shall not testify as to admissions or conversations of her husband.

*Cline, Jamison & Day*, for respondents.

This record presents but a single point. Did the court below err in excluding the wife of defendant from testifying to matters of conversation occurring between her and John A. Stanton, deceased, plaintiff? he being the party with

whom the contract was made for building the house for which the suit was brought and the recovery had below.

The court below held, that as the contract for the work and labor and materials sued for was made with John A. Stanton, now deceased, the defendant Thomas Ryan could not be permitted to testify to matters occurring between himself and the deceased—G. S. 1865, § 1, p. 586.

The court further held, that under the 5th section, the wife, whether a party or not to the record, must be disabled from testifying concerning all matters about which the husband is inhibited from speaking ; otherwise, if the wife be a party with her husband, she could by the 5th section testify about matters occurring with deceased parties, or those who have since become insane, &c.

This statute must be construed with a view of the general law of the land, by which the two spouses for most purposes are held and regarded as one person, and hence the disability of a party to testify to matters with persons since deceased or insane, equally attach to his wife whether she be a party with her husband or no.

The court is called upon to construe this statute in this case for the first time ; and we think the court below gave to it a safe and just interpretation, and clearly expressive of the intention of the law makers.

WAGNER, Judge, delivered the opinion of the court.

The questions presented by the record and which are submitted for our consideration grow out of the statute in relation to witnesses. There was no error in allowing the plaintiffs as surviving partners to testify, as the action was brought on an account or *quantum meruit*, and the defendant had the right, and full opportunity was afforded him, to interpose his own testimony in opposition to theirs. But he went further and sought to set up a contract for the erecting of the building made with the senior partner of the firm, who was dead at the time of the trial, and to sustain this contract offered himself as a witness. He was objected to and excluded by

the court. The Gen. Stat. § 1, p. 586, removes the disabilities heretofore existing by which parties to the record were forbidden to testify, and allows them to become witnesses for themselves and in their own behalf; subject, however, to the limitation, that in actions where one of the original parties to the contract or cause of action in issue, and on trial, is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor. The great object and purpose of the law was to destroy the restrictions and incapacities which operated as rules of exclusion by the law of evidence, and to permit every person, inclusive of parties, to give evidence ; to allow all, without regard to interest, even though they were parties to the suit, to disclose all the facts within their knowledge or possession, and let whatever credibility they might be entitled to be passed upon by the jury. This may be calculated to draw forth the truth, though we entertain serious doubts about the wisdom of the enactment. But it was seen that, where one of the parties was dead, or disqualified by reason of insanity, that the parties would not stand on an equal footing, he would be unable to oppose his oath to that of the opposite party, and therefore the party living or sane was precluded from testifying.

The elder Mr. Stanton, the senior partner, with whom the contract was alleged to be made, was dead, and according to the spirit and intention of the law it was not competent for Ryan, the defendant, to introduce himself as a witness to prove the contract. The suit was not instituted on the contract; it was denied that any contract existed ; the surviving plaintiffs knew nothing about it; and to permit Ryan, by his own testimony, to come in and set up, and prove its terms, when Stanton's lips were sealed by death, and could not be there to contradict, qualify or explain his statements, is at war with justice, and certainly not authorized by law.

The defendant offered to prove that his wife, acting as his agent, attended to the erection of the building and let out the contract for the same, and then proposed to prove by her that she contracted with the deceased Mr. Stanton to do the

work and furnish the material, and the price and terms stipulated between the parties. This the court rejected on the ground that the wife was necessarily disqualified with the husband. The fifth section of the act already referred to provides that no married woman shall be disqualified as a witness, in any civil suit or proceeding prosecuted in the name of or against her husband whether joined or not with her husband as a party, in matters of business transactions where the transaction was had and conducted by such married woman as the agent of her husband.

In support of the decision in the court below, it is contended that as the husband was incompetent on account of the death of the adverse party, with whom the contract purported to be made, the wife could not be admitted to testify to prove a contract when the deceased party was powerless to be heard on the other side. This view of the question might furnish excellent reasons for changing or modifying the law ; but if the statute declares differently, we are not warranted by judicial legislation in perverting the plain meaning of the statute to conform to what we might consider sound policy. It cannot be gainsaid that if the defendant had given a full delegation of power to an ordinary agent to make a contract for and superintend the building, that such agent would have been competent to prove the contract when a dispute arose concerning the same, whether the person with whom he contracted was dead or not.

The statute expressly authorizes the wife to give testimony in all transactions where she acted in the matter as agent for her husband, whether she is joined with him as a party to the record or not. There is no distinction recognizable between her and any other agent as regards capacity to be a witness. The fifth section relating exclusively to married women testifying, is independent and complete within itself, and is not controlled or qualified by the first section. If an agency were proved, we think the testimony of Mrs. Ryan should have been admitted. The case must therefore be reversed and remanded. The other judges concur.