MARTROM D. LEWIS, Public Administrator, etc., Respondent, v. G. WEISENHAM, Appellant.

February 14, 1876.

In a suit by the administrator of an indorsee against the indorser of a promissory note, the latter will not be allowed to testify in his own behalf that he never received notice of protest.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*Henry N. Hart*, for appellant.

*T. G. C. Davis*, for respondent, cited: Wag. Stat. 1372, sec. 1; Stanton v. Ryan, 41 Mo. 510.

LEWIS, J., delivered the opinion of the court.

Jesse Evans, the plaintiff's intestate, obtained judgment before a justice of the peace against the defendant as indorser of a promissory note. Pending defendant's appeal

to the Circuit Court, and before the trial, Evans died. At the trial, after the introduction by plaintiff of the customary notarial proofs of protest and notice, the defendant offered to testify in his own behalf, to the effect that he had never received notice of the protest. Upon plaintiff's objection, the court excluded the testimony. This ruling presents the only question in the record for our consideration.

The statute is too plain to be misunderstood. "In actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor." Wag. Stat. 1372, sec. 1.

Appellant's counsel argues that this provision should not exclude the defendant's testimony when offered for the purpose merely of contradicting the notary's certificate. But we are allowed no discretion on account of the purpose for which the testimony may be offered. The test is applied to the parties only. Evans and the defendant were the "original parties to the cause of action in issue and on trial." The notary was a mere agent, and not a party. Evans was dead at the time of the trial, and, therefore, the defendant could not be admitted to testify in his own favor. *Stanton* v. *Ryan*, 41 Mo. 510. The other judges concurring, the judgment is affirmed.