## McBrien & Holly v. Martin.

### (*Knoxville.* September 18, 1888.)

1. WITNESS. *Competency. Interested, but not a party.*

   A person *interested in* but not *party to* a suit against an administrator, is a competent witness therein for either party. *Interest* constitutes no disqualification.

   Code construed: § 4565 (M. & V.); § 3813*d* (T. & S.).

   Cases cited and approved: Fuqua *v.* Dinwiddie, 6 Lea, 646; Hudgins *v.* Fanning, 4 Bax., 578; Godfrey *v.* Templeton, 85 Tenn., 161.

2. SAME. *Case in judgment.*

   In a suit against an administrator to recover money paid to the deceased for the plaintiff's benefit, the person making the payment is a competent witness to prove that fact.

---

### FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County. S. A. KEY, Ch., sitting by interchange.

W. L. EAKIN for McBrien & Holly.

SHEPHERD & FRAZIER for Martin.

CALDWELL, J. Martin sold a horse to Ramsey for $100, and took his note for the purchase money.

The note was placed in the hands of Simpson for collection.

Simpson afterward died testate, and McBrien & Holly were qualified as his executors.

Martin, claiming that Simpson had collected the note and failed to pay the money over, brought this suit against the executors, before a Justice of the Peace, to recover the amount so claimed to have been collected and converted by Simpson.

The case was taken into the Circuit Court at Chattanooga by appeal, and there tried by the presiding Judge without the intervention of a jury, and judgment rendered for the plaintiff below for $112 and costs.

A new trial being refused, the executors appealed in error to this Court.

The only direct proof of payment to Simpson was made by Ramsey, the debtor. He testified positively that he paid the note to Simpson.

To this testimony the executors excepted on the trial below, and upon the action of the Court in admitting it they here assign error.

The contention is that the evidence was incompetent, and should have been rejected because Ramsey, the witness, was directly interested in the result of the suit, and because he was testifying as to a transaction between himself and a deceased person, against whose estate his testimony operated to fix a liability.

The interest of the witness, and the nature and effect of his testimony, are as thus contended for, but it does not follow that the testimony is not competent.

Disqualification on account of interest in the litigation was removed by § 4563 of the Code (M. & V.). The case before us is not embraced in the exception made by § 4565 of the Code, which is in these words:

"In actions or proceedings by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, *neither party* shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party."

Clearly this exception is made with respect to *parties* only, and does not include *interested persons* who are not parties.

*Fuqua* v. *Dinwiddie,* 6 Lea, 646; *Hudgins* v. *Fanning,* 4 Bax., 578.

In the case of *Godfrey* v. *Templeton,* 2 Pickle, 161, referred to by learned counsel for appellants, the excluded witnesses were not only *interested* in the result of the litigation, but they were also *parties,* seeking recoveries against the administrator of a deceased partner.

The testimony of Ramsey was competent, and the assignment of error upon its admission is not well taken.

The other assignments of error, which need not be stated, are likewise not well taken.

Let the judgment be affirmed, with costs.

McBrien & Holly *v.* Martin.

## PARTIES AS WITNESSES.

Decisions not embraced in note to Godfrey *v.* Templeton, 86 Tenn., 168–171:

1. Parties are not entitled to fees for attendance as witnesses. 6 Heis., 92.

2. Parties to a suit on a proven account from another county are competent. 8 Bax., 396, overruling 6 Heis., 329.

3. Stockholder competent to prove transactions had with deceased in suit between the administrator and the corporation. 86 Tenn., 355.