## H. I. GIFFORD *v*. B. F. THOMAS' ESTATE.

*Agent competent witness after death of principal. Death revokes agency.*

1. An agent who makes a contract on behalf of his principal is a competent witness after the death of the principal, in a suit against the principal's estate, to prove both the agency and the contract.

2. The plaintiff furnished the goods to the agent and the agent paid various sums on account, from time to time. After the testator's death the plaintiff continued to furnish goods and the agent continued to pay, the payments being more than the amount of the goods. The defendant claimed that these after-payments should be applied to liquidate the items accruing before the testator's death, in the order in which they accrued. *Held*, otherwise; that the account should be settled as it stood at the time of the testator's death, for the death revoked the agency.

3. *Held*, that the plaintiff might properly testify in explanation of letters which he wrote to the executrix in reference to this claim, after the testator's death.

4. Further, that the plaintiff might also testify in whose handwriting the charges upon his ledger were, it not appearing that this was not the book of original entry.

This was an appeal from the disallowance of the plaintiff's claim by commissioners, and was heard on report of referee at the December Term, 1888, Caledonia County, TYLER, J., presiding. Judgment for the plaintiff, for the sum of $149.74 and interest. The defendant excepts.

The plaintiff sought to recover for certain goods delivered to one Bailey. Bailey occupied a farm which, with most of the personal property upon it, belonged to the testator. It had formerly been the property of Bailey, but was about to go on mortgage, when the testator bought it and permitted Bailey to remain upon and manage it, with the understanding that its products should go first to pay the expenses, and that the balance, if any, should be paid over to the testator. The goods charged for were, in the main, supplies furnished for use about the farm. The defendant denied that Bailey had any authority to bind the tes-

tator. Bailey was, against the objection and exception of the defendant, improved as a witness. With reference to his authority the report found :

" If George Bailey is a competent witness to prove his agency, as raised in this case, after the death of said Thomas, then I find that said Bailey was the agent of said Thomas in buying the goods for which the plaintiff seeks to recover, and that plaintiff sold them, relying upon the credit of said Thomas, but the finding of this express agency is on the evidence of said Bailey alone."

Bailey had paid in, from time to time, various sums derived from the products of the farm, so that at the testator's death there was due the plaintiff a balance of $149.75. After the testator's death Bailey continued to occupy the farm as before, to obtain supplies from the plaintiff and to devote the proceeds of the farm to their payment. The amount of his subsequent purchases was $114.92, and of his payments, $136.78. The defendant maintained that these subsequent payments be applied to extinguish the items of the plaintiff's account in the order in which they were contracted, in which event there would be due of the account accruing before the testator's death but $12.97.

The other facts appear in the opinion.

*J. P. Lamson*, for the defendant.

*D. C. Denison & Son*, for the plaintiff.

Bailey was a competent witness. *Lyth* v. *Bond's Estate*, 40 Vt. 618.

The agency ceased at Thomas' death. Hence the account should be settled as of that date. *Davis* v. *The Windsor Savings Bank*, 46 Vt. 728.

The opinion of the court was delivered by

Ross, J. In *Lyth* v. *Bond*, 40 Vt. 618, it is held that an agent is not a *party* to a contract which he has made for the principal, and that he is a competent witness both to establish his agency and the contract, although his principal has deceased, and the existence and scope of the contract are involved in the trial in which he is called as a witness. This decision has been

recognized and followed in several subsequent decisions. Hence, the admission of the witness Bailey to testify to his agency was correct. On Bailey's testimony the referee has found that he was the agent of the testator in buying the goods for which the plaintiff seeks an allowance, and that the plaintiff sold them, relying on the credit of the testator." This finding entitles the plaintiff to be allowed for the goods so sold, and renders it immaterial to determine whether the testator had held Bailey out as his agent to make the purchases, or whether the evidence excepted to on that branch of the case was admissible. This disposes of the exception in regard to the admission of the Brooks note, the exception to the charges for goods to be used in Bailey's family, and, apparently, the exception to the plaintiff's testifying to the handwriting of the charges on his ledger. It is, however, contended by the defendant that his testimony in regard to the handwriting of the charges on his ledger was inadmissible, because the ledger was not the original book in which the items of the account were first charged. The finding of the referee is rather meager on this subject. He says : "Bailey was insolvent and Gifford knew it, and changed his account to George Bailey, agent, on his ledger, but kept it on a small pass-book which he carried, upon the fly-leaf of which was written, ' George Bailey in account with H. I. Gifford.' " From this, it does not appear that the ledger was not the book upon which he made his charges. If it was, he might well testify in whose handwriting the charges were made. R. L. 1004. The pass-book might, and would seem to, have been used for making memoranda to insure accuracy in the charges, but the ledger was the paramount book to show the items of his account. No error, affirmatively, appears in regard to the admission of this testimony. The finding that the plaintiff sold the goods, relying on the credit of the testator, renders them proper charges against the testator, notwithstanding the variance between the heading of the account on the ledger and on the fly-leaf of the passbook.

II.  The counsel for the estate contends that the payments made to the plaintiff by Bailey subsequently to the decease of the testator should be applied to the extinguishment of the earliest items of the plaintiff's charges, rather than to the items which Bailey procured subsequently to the testator's death.  It is a sufficient answer to this contention that the commissioners have nothing to do with any dealings, debt or credit, arising out of the property of the estate subsequently to the death of the testator.  All the personal property of the estate vests in the executrix, unless otherwise disposed of by the will *in specie,* immediately upon the death of the testator.  His death revoked the agency of Bailey.  The plaintiff's sales to Bailey after that time, and the payments received from Bailey from property belonging to the estate, if authorized, properly belong to the administration of the estate, and become a part of the administration account of the executrix, and must be adjusted between the plaintiff and the executrix, or between them and Bailey.  If Bailey was authorized to make these purchases and payments for the executrix, she can recover from the plaintiff the balance of the payments above the purchases.  All estates are represented insolvent.  If so, in fact, to allow the plaintiff to apply this balance, or the entire amount of the payments made by Bailey from sales of property belonging to the estate, made subsequently to the death of the testator, to the liquidation of his claim against the testator, might give the plaintiff an unjust and unlawful advantage over the other creditors of the estate.  The plaintiff might obtain payment of his claim in full, while the other creditors might obtain only a percentage or nothing at all.  In this way, the entire estate, available for the payment of its creditors, might be exhausted in paying in full the claims of one or more of the favored creditors.  Hence, there was no error in the refusal of the court to apply the payments made by Bailey from the sales of property of the estate subsequently to the death of the testator, as contended by the counsel of the estate.

III. The plaintiff was a competent witness to explain his letters to the executrix, written subsequently to her appointment. The sections of the statute referred to do not exclude him from testifying in regard to events which occurred subsequently to her appointment. While one of these letters states the amount due the plaintiff from the testator to be less than the sum found due by the County Court, it does not show that that was the amount of his claim presented to the commissioners. There is no apparent foundation for the contention that the plaintiff presented and was allowed an account, or claim, by the County Court, different from the one he presented to the commissioners. This disposes of all the exceptions now insisted upon.

*The judgment of the County Court is affirmed, and ordered to be certified to the Probate Court.*