JAMES M. LEAHY, Respondent, v. JEPTHA H. SIMPSON'S Administrator, Appellant.

St. Louis Court of Appeals, December 18, 1894.

1. **Pledge of Choses in Action:** EFFECT OF REDELIVERY TO PLEDGOR FOR COLLECTION. A pledge of promissory notes is not invalidated by the redelivery of them to the pledgor for collection by him as the agent of the pledgee.

2. **Witnesses:** EFFECT OF DEATH OF ONE CONTRACTING PARTY ON COMPETENCY OF AN AGENT OF THE OTHER. When two individuals enter into a contract, the one acting by an agent and the other not, the death of the latter does not render such agent an incompetent witness in an action on the contract by his principal against the administrator of the decedent.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*R. M. Nichols* for appellant.

(1) The evidence shows that the pledgee surrendered the pledge, beyond his control, to the use of the pledgor, to enable the latter to pay his own interest and without a promise of return or account for the proceeds collected. This waived the lien. *Thompson v. Dolliver*, 132 Mass. 103; Jones on Pledges, sections 40 and 86; *Citizens' Bank v. Dows*, 68 Iowa, 460; *Walter v. Staples*, 87 Mass. 34; *Easton v. Avery*, 23 Me. 250; *Kimball v. Hildreth*, 90 Mass. 168; *Colby v. Cressy*, 5 N. H. 237; *Day v. Swift*, 48 Me. 368; *City Bank v. Groves*, 79 Cal. 192; *Barrett v. Coles*, 4 Jones (N. C.), 40. (2) The witness Straat would not have been competent at common law to testify to facts ascertained

while acting as an agent of one of the parties to the suit, if it appeared, as in this case, that there is a clear excess of interest in favor of the party calling him. *Bridges v. Bell*, 13 Mo. 69; *Hidell v. Dwindell*, 89 Ga. 532.

*John N. Straat* for respondent.

BOND, J.—The plaintiff gave evidence tending to show that, to secure the payment of his notes to Jane N. Leahy for about $17,000, Jeptha H. Simpson placed in the hands of John N. Straat, agent of Jane M. Leahy, as collateral security for said indebtedness, a number of principal notes and their respective interest notes, all secured by deeds of trust. The interest notes so delivered as collateral security were subsequently redelivered to said Simpson under an arrangement between himself and said Straat, as agent of Jane M. Leahy, whereby Simpson was to collect the same and apply the proceeds in payment of the interest due on the notes, evidencing his indebtedness to Mrs. Leahy. In carrying out this plan said Simpson, after collecting the collateral interest notes so redelivered, would give his check for the amount due on his own interest notes to Mrs. Leahy. The collateral notes so redelivered to Simpson were not shown to exceed in amount the sum due on his personal interest notes. This arrangement lasted a number of years, during which Simpson kept the interest bearing notes, given by himself, paid until October 5, 1892. He died on February 22, 1893. At his death certain of said collateral interest notes were in his possession. These were replevied by Mrs. Leahy from his administrator in the present action. The cause was tried by the court, sitting as a jury, which gave judgment for plaintiff, from which the present appeal was taken.

Appellant assigns two errors: *First*, that on the testimony the verdict should have been for defendant; and, *second*, that Straat, agent of respondent Leahy, was an incompetent witness, because the contract or cause of action in issue and on trial was made by him with Simpson, since deceased.

It is a familiar rule that judgments in actions at law, resting upon any substantial evidence, will not be disturbed, on appeal. In such cases the finding of the jury—irrespective of the weight of the evidence— is conclusive upon the appellate courts. In the case at bar there was evidence from which the trial judge might have found that the redelivery of the collateral interest notes were made to Simpson, the pledgor, in the new character of agent to collect and apply them to the payment of the interest due on his own interest notes to the pledgee. Such a redelivery would not divest the title of the pledgee. Jones on Pledges, section 40. The receipt of the pledge by the pledgor in the new character of special bailee or agent, or its redelivery for a temporary purpose, is a well settled qualification of the rule, that the return of pledge by the consent or act of the pledgee terminates his title. In applying this exception to pledges of *choses in action*, the rule is declared "that a creditor to whom negotiable paper, or any other choses in action, has been transferred as collateral security, may hand it back to the debtor, to enable him to collect the claim or to replace it by other security, without affecting the creditor's title." Jones on Pledges, section 86; *Clark v. Iselin*, 21 Wall. 360; *White v. Platt*, 5 Denio, 269. For these reasons the first assignment of error must be overruled.

The second assignment of error is based on the assumption of the incompetency of the witness Straat, because the contract was made by him as agent with the deceased. The fact that the agent of an individual

makes a contract on behalf of his principal with a third party, who subsequently dies, does not render the agent incompetent to testify in a suit brought by his principal to enforce such contract against the administrator of the deceased. *Baer v. Pfaff*, 44 Mo. App. 35. Hence, appellant's second assignment of error is not well laid.

The result is that the judgment herein will be affirmed. Judge ROMBAUER concurs. Judge BIGGS is absent.