### EZRA T. SEAVER *vs.* HAROLD WESTON.

Middlesex. January 15, 16, 1895. — March 1, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Contract — Administrator — Action — Set-off — Promissory Note — Unauthorized Indorsement by Wife of Husband's Name — Ratification by Administrator of Husband's Estate.*

If A. and B. execute a contract, by the terms of which A. is to deliver goods manufactured by him to B., who is to make certain advances of money, and A. dies before the contract is fully performed, and his estate is insolvent, and the administrator of his estate makes an agreement with B. to deliver the goods on hand pursuant to the contract with A., and B. is to account to and pay the administrator for the goods so delivered without regard to or giving any credit for the advances made by B. previously to A.'s death, the administrator may maintain an action in his individual capacity against B. for the goods delivered under the agreement, and B. is not entitled to set off a claim against A.'s estate for advances made to him under the contract.

If the wife of a payee of a promissory note in good faith indorses the note in his name without his authority, he being unconscious by reason of illness, and the note, having been indorsed also by a third person for the payee's accommodation and at the wife's request, is discounted, and its proceeds go into his estate before his death, and the maker pays the note at maturity in ignorance of the nature of the indorsement, the administrator of the payee's estate may ratify the act of the wife in so indorsing the note.

CONTRACT, upon an account annexed, for lumber sold and delivered. The answer alleged that on October 17, 1888, one George P. Hardy and the defendant executed a written contract, by the terms of which Hardy was to sell and the defendant was to buy all the lumber manufactured at Hardy's mill in Vermont, from November 1, 1888, to November 1, 1889, and the defendant was to advance to Hardy the sum of one thousand dollars each month until a certain sum had been advanced, which was to be paid by the defendant's notes; that Hardy delivered the lumber to the defendant, who made the advances as provided in the contract; that Hardy died on June 17, 1889, when the contract was not fully performed; that the plaintiff was afterwards appointed administrator of Hardy's estate, and assumed the unfinished contract and undertook to complete the same; that all lumber delivered by the plaintiff to the defendant was delivered under and in performance of said contract; that all transactions between them were had with the plaintiff as administrator of Hardy's estate, and not in his individual capacity; and that this action was brought for the benefit of Hardy's estate, and any sum recovered would belong to the assets of that estate. The defendant also filed a declaration in set-off for advances made to Hardy under the contract. Trial in the Superior Court, without a jury, before *Sheldon,* J., who refused certain requests of the defendant for rulings not material to be stated, and found for the plaintiff, disallowing in set-off all advances made by the defendant under the contract previously to the death of Hardy; and the defendant alleged exceptions. The facts appear in the opinion.

*D. C. Linscott & C. P. Weston,* for the defendant.

*J. C. Burke,* for the plaintiff.

KNOWLTON, J. At the time of the death of the plaintiff's intestate, George P. Hardy, there was a large quantity of unmanufactured lumber in his possession which passed to the plaintiff

by virtue of his appointment as administrator. This he could dispose of for the benefit of the estate in any reasonable way. He was accountable for the proceeds of it under his official bond. If he chose not to carry out the contract which Hardy had made in his lifetime with the defendant, the latter would have a claim for damages against the estate. The estate was insolvent, and under the laws of Vermont claims against it would be proved before commissioners, and, upon allowance, their owners would share the assets *pro rata.* This suit is brought by the plaintiff, not as administrator, but in his individual capacity, on a contract made with the defendant after Hardy's death. The plaintiff as an individual could make a contract in regard to the lumber with the defendant as well as with anybody else, and by such a contract a liability might be created to the plaintiff personally. The court found, upon the evidence, "that the plaintiff did undertake to furnish, and did furnish, the defendant lumber pursuant to said contract of October 17, 1888, so far as kinds, quantity, qualities, prices, and place of delivery were concerned ; but that the defendant agreed and was bound to account to and pay the plaintiff for whatever lumber the plaintiff delivered after he was appointed administrator of the Hardy estate, and without regard to or giving any credit for the advances made by the defendant previous to the death of Hardy." The finding was well warranted by the oral testimony at the trial, and by the auditor's report, which was a part of the evidence. Under this finding it is clear that the action can be maintained in the plaintiff's individual capacity, and that the defendant is not entitled to set off his claim against the estate of Hardy for advances. *Davis* v. *Estey,* 8 Pick. 475. *Grew* v. *Burditt,* 9 Pick. 265. *Kent* v. *Bothwell,* 152 Mass. 341. *Catlin* v. *Allen,* 17 Vt. 158. *Aiken* v. *Bridgman,* 37 Vt. 249. *Hatch* v. *Hatch,* 60 Vt. 160. *Gifford* v. *Thomas,* 62 Vt. 34, 37. *Bates* v. *Sabin,* 64 Vt. 511.

Two of these advances were made by notes payable to Hardy's order, which were sent to him at a time when he was unconscious by reason of the accident which caused his death, and were indorsed in his name by his wife while he remained in that condition, and were subsequently indorsed by the plaintiff for the accommodation of Hardy at his wife's request, in order that

she might get them discounted at bank. The proceeds of these notes went into Hardy's estate, by direction of his wife, before his death. The defendant paid them at bank at maturity, in ignorance that the indorsement of Hardy's name upon them was not by his own hand. The court found as a fact that the plaintiff, after his appointment as administrator, ratified the acts of Hardy's wife in indorsing the notes.

We are of opinion that he could lawfully ratify these acts, which were done in good faith in the name of the deceased for his benefit. There is no doubt that Hardy could have ratified them in his lifetime, even after the notes had been paid, and we see no good reason why his administrator could not do it with the same effect. It follows that these two notes stand no differently from the others in relation to this case.

These two findings of fact make most of the defendant's requests for rulings immaterial, and we see no error in the rulings nor in the refusals to rule at the trial. Under these findings the presiding justice properly found for the plaintiff for the amount due under his contract made with the defendant after Hardy's death.                                   *Exceptions overruled.*