## APOLLONIA WARTH, Extx. of ALBIN WARTH, vs. ABRAHAM BRAFMAN et al.

*Competency of Witness—Contract With Agent of Deceased Principal.*

In an action on a contract made by the agent of a deceased principal with the defendant, the agent being still alive, the defendant is competent to testify as to the declarations of the deceased principal, under Code, Art. 35, sec. 2, which provides that whenever the contract sued on was made with an agent, the death of the principal shall not prevent any party trom being a witness if the agent be living and competent to testify.

Appeal from Baltimore City Court, (DOBLER, J.), where the case was tried before the Court without a jury, and the verdict and judgment was for the defendant.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Howard Bryant*, for the appellant.

*Wm. Pinkney Whyte*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

Apollonia Warth, executrix of Albin Warth, brought an action against Brafman *et al.*, trading as A. Brafman & Sons. The verdict and judgment being against her, she has appealed. The cause of action was a contract relating to a machine for cutting out clothing alleged to have been made by Henry Warth, in the year eighteen hundred and ninety, as the agent of Albin Warth, who died in May, eighteen hundred and ninety-two. The contract was not in writing. It may be stated in general terms that the contested question of fact in the case was whether the verbal contract embraced the terms of a written instrument, which was offered in evidence. Henry Warth testified that it was based on

this writing, and that it embraced its terms. Max. Brafman, one of the defendants, testified to the direct contrary. It is entirely unnecessary to state the details of the testimony, as we are concerned solely with a question of the admissibility of evidence, which is presented by the only exception taken at the trial. The cutting machine was set up at the place of business of the defendants. In the course of his testimony, Max. Brafman testified that a few months afterwards he had a conversation with Albin Warth. The plaintiff objected to the admission of this conversation, but the Court admitted it in evidence, whereupon the plaintiff took an exception. The conversation was as follows: "I met Mr. Warth; I said, well, the machine is at work, how does it run, all right? But, I said, one thing don't seem to be agreeable. What is that? I said, your son wants a contract or agreement, or something of that character, signed, binding ourselves for seven years to carry the thing on, understand? and that whether we have any use for it or not. I told him we didn't propose to sign it; I told him so. He said, what is the use of you bothering about the matter; whatever you do in the matter I know you will do right and I guess you will be in business 20 years longer, and as long as you are in business you will want the machine."

If the contract had been made with the deceased, the witness would not have been competent to testify. But the second section of Article 35 of the Code leaves no doubt on this question. It enacts that: "Whenever the contract or cause of action in issue and on trial was made or *contracted with an agent*, the death or insanity of the principal shall not prevent any party to the suit or proceeding from being a witness in the case; provided such agent shall be living and competent to testify." No critical analysis however subtle can render the meaning of this clause in any degree obscure. The agent who made the contract and the principal on the other side are placed on terms of exact equality. Each is a competent witness, and each can be heard to testify to any fact or circumstance which under the

rules of evidence would be admissible under the issues joined in the cause if testified to by any other competent witness. Their competency is not restricted by the statute to any particular phases of the controversy ; but they stand as ordinary witnesses sworn to testify in the case. It is nothing to the purpose that Brafman testified to declarations made by the deceased. If these declarations had been testified to by a witness, not a party to the suit, it is not supposed that any one would have contended that the witness was not competent to prove them. And Brafman in this case is made by the statute a witness in the same manner and to the same extent as if he had not been a party to the suit. The alleged conversation with the deceased had some tendency to contradict Henry Warth and was therefore admissible in evidence on the testimony of a competent witness. We approve of the ruling of the Court below.

*Judgment affirmed.*

(Decided June 22nd, 1897).