## ISADORA JACKSON, Respondent, v. TULLEY SMITH, Administrator, Appellant.

**Kansas City Court of Appeals, December 6, 1909.**

1. **WITNESS: Agent: One Party Dead.** Under a statute concerning witnesses, which reads: "No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, . . . *Provided*, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, . . . the other party to such contract or cause of action shall not be admitted to testify either in his own favor . . . and where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator: . . . "—in an action against an administrator, an agent of the plaintiff who made the contract with the deceased is a competent witness as to the terms of such contract.

2. ———: ———: ———: **Common Law: Statute.** An agent who made a contract for his principal was a competent witness at common law in an action on such contract and the statute of witnesses does not disqualify any one, on account of interest, who was competent under the common law. The statute is an enabling act and the first clause totally abolishes the common law rule that interest disqualified a witness, and the proviso of the statute does not restore that rule where one party is dead. The proviso does not prevent the survivor from testifying because he is interested, but merely for the reason that the other is dead; and the survivor may yet testify as to anything which transpired with third parties to which the deceased was not a party and of which he had no knowledge.

3. ———: **Agent: Party to Suit: Statute.** The proviso of the statute does not disqualify anyone from being a witness who is not a party to the suit, and an agent not being such a party is competent.

4. ———: **Corporation: Partnership.** The death of an agent who made the contract for a corporation, or of a partner, who made it for the partnership, will render the other party incompetent on the ground that the corporation can only act through agents and the agent making a contract is *pro hac vice* the corporation; and the death of a partner is the dissolution or death of the partnership itself.

Appeal from Atchison Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*L. J. Miles* and *W. R. Littell* for appellant.

(1) Credit for the services rendered in this case, was not originally extended to Abner Smith, whose estate is sought to be charged. This all the evidence clearly shows. Such being the case the alleged promise or contract made by him could not be enforced, because it was oral, and collateral, and clearly within the Statute of Frauds. Rottman v. Fox, 25 Mo. App. 572; Bissig v. Britton, 59 Mo. 207; R. S. 1899, sec. 3418; Gansey v. Orr, 173 Mo. 543; Hurt v. Ford, 142 Mo. 283. (2) Where one party to a contract is dead, the other party cannot testify, and where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify. R. S. 1899, sec. 4652; Banking House v. Rood, 132 Mo. 261; Nichols, Shepard & Co. v. Jones, 32 Mo. App. 657; Butts v. Phelps, 79 Mo. 303; Meier v. Thieman, 90 Mo. 442; Leepeer v. McGuire, 57 Mo. 360; Jenkins v. Emmons, 117 Mo. App. 1, and cases cited; Stam v. Smith, 183 Mo. 464, and cases cited. (3) A husband may testify for his wife in a suit, when such suit or proceeding is based upon, grows out of, or is connected with matter of business or business transaction, where the transaction or business was had with, or was conducted by such married man, as the agent of his wife. R. S. 1899, sec. 4656. (4) Under the statute and weight of all the decisions, the law is: That where one party to a contract is dead, neither the surviving party, or her agent, are competent to testify, if the other party has no agent living, who negotiated the contract in issue. The law strives for exact equality, and the exception in the statute, was intended to prevent

the injustice that would arise in permitting one party to a contract or cause of action to testify, either by herself or through an agent, when the lips of the other party are sealed in death. R. S. 1899, sec. 4562; Banking House v. Rood, 132 Mo. 261; Miller v. Willson, 126 Mo. 54; Williams v. Edwards, 94 Mo. 452; Leach v. McFadden, 110 Mo. 588; Robertson v. Reed, 38 Mo. App. 32; Orr v. Rode, 101 Mo. 398; Coughlen v. Hauessler, 50 Mo. 128; Angell v. Hester, 64 Mo. 143; Scott v. Burfiend, 116 Mo. App. 75; McMorrow v. Dowell, 116 Mo. App. 289; Stam v. Smith, 183 Mo. 464 and cases cited; Asbury v. Hicklin, 181 Mo. 658; Waltemar v. Schnicks Est., 102 Mo. App. 133; Edwards v. Warner, 84 Mo. App. 200; Curd v. Brown, 148 Mo. 83; Green v. Dilsch, 143 Mo. 1; Brim v. Fleming, 135 Mo. 597. (5) Where the contract is denied, it is not necessary to insist upon the Statute of Frauds as a defense, or bar thereto. The plea of the statute is raised by the denial as well as by the special plea. Hurt v. Ford, 142 Mo. 303. (6) Joseph Jackson, as the husband of the plaintiff, has an interest in the suit, and was disqualified at the common law. Banking House v. Rood, 132 Mo. 259; Nichols, Shepard & Co., v. Jones, 32 Mo. App. 665; Asbury v. Hicklin, 181 Mo. 658. (7) Where a party relies on a disposition, he must, before he can be permitted to use it in evidence, show all the facts upon which its admissibility depends. Paper or documents lacking any essential, statutory requirement, is not a deposition. Grinnan v. Macklen, 29 Mo. 246; Carter v. Davis, 81 Mo. 672-3; R. S. 1899, sec. 2904. (8) Instruction No. 1, on the part of defendant, should have been given as offered by defendant. The law presumes that the services rendered in this class of cases are gratuitous, and this presumption cannot be overcome by inference or presumption. It can only be overcome by proof of an express contract to pay for the services and an intention to charge for them at the time they were rendered. Cowell v. Roberts, 79 Mo. 213.

*L. D. Ramsey* for respondent.

(1)    There was no party to the action claiming under plaintiff and she was not admitted to testify in her own favor.   Leahy v. Simpson's Adm'r., 60 Mo. App. 85; Bear v. Pfaff, 44 Mo. App. 39; Stanton v. Ryan, 41 Mo. 515.   (2)    Husband and wife may testify for the other in cases of agency.   (3)    Could Joseph Jackson testify to his own agency?   Christian v. Smith, 85 Mo. App. 118; Leete v. Bank, 115 Mo. syllabus.   (4)    Must the court legislate, or follow the statute?   Weiermuller v. Scullin, 203 Mo. 474; Stanton v. Ryan, 41 Mo. 515; (5)    Corporation and co-partnership governed by another rule.   44 Mo. App. 39; 64 Mo. 447, and all cases therein cited.

ELLISON, J.—This action is founded upon an alleged promise of Abner Smith to pay plaintiff, who was his daughter, for services rendered in caring for another daughter.   Abner Smith died and defendant was appointed administrator of his estate.   The judgment in the trial court was for the plaintiff.

The contract with the deceased Smith whereby he promised to pay plaintiff, was made, on plaintiff's part, with her husband, as her agent, and he was permitted to testify,—the defendant objecting to his competency for the reason that the other party was dead.   The court held him to be a competent witness and overruled the objection, and the propriety of that ruling is the point in the case.

There are some decisions and yet a greater number of expressions made by the courts in the course of opinions, which sustain defendant's objection.   But the cases of Clark v. Thias, 173 Mo. 628; Stanton v. Ryan, 41 Mo. 510; Baer v. Pfaff, 44 Mo. App. 35; Leahy v. Simpson, 60 Mo. App. 83, support the ruling of the trial court.

The case involves the construction of our statute as to witnesses (sec. 4652), which reads as follows:

No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, . . . *Provided,* that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, . . . the other party to such contract or cause of action shall not be admitted to testify either in his own favor . . . and where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator: . . . "

An administrator being a party in this case, if the contract had been made with an agent of the deceased, the evidence of the other party would have been admissible under the specific terms of the statute. But having been made by an agent of the other party with the deceased, himself, that particular part of the proviso does not apply. We must therefore determine the question from a consideration of other portions of the section that we have set out. In considering cases from this State we will confine ourselves mostly to those arising in the Supreme Court, since the construction given by that court must control.

Prior to the statute the common law rule prevailed which disqualified a witness whose legal interest was involved. The statute relieved that disqualification. The statute does not interfere with the competency of a witness who was competent at common law. So, in cases of this nature, whenever the witness is found to be such as that he would have been a competent witness at common law, he still is competent under the statute, for the reason that that enactment does not affect his status. The statute has only interposed in instances of an incompetent witness at common law by making him com-

petent unless the other party is dead; in which case the survivor is, generally, not permitted to testify, but he is still competent, under the first clause of the statute, for some purposes. [Kirton v. Bull, 168 Mo. 622; Weiermueller v. Scullin, 203 Mo. 466.]

Now an agent making a contract for his principal was a competent witness at common law. [1 Greenleaf on Ev., sec. 416; 1 Starkie on Ev., 121.] He was permitted to testify by that law by way of an exception to the rule. In the case at bar, the husband who the circuit court permitted to testify was an agent and was therefore properly admitted to testify. The statute, as has been many times repeated by the Supreme Court, is an enabling and not a disabling statute. [Weiermueller v. Scullin, *supra.*] So if we, by construction, should exclude the evidence of an agent, a competent witness under the common law, we would make of it a disabling statute and would find ourselves out of harmony with all those decisions.

But it is said that the object of the proviso in the statute was to put the parties on terms of equality, and that where death had prevented one from testifying, the statute would prevent the survivor. And to maintain such equality the courts have been led to say that if the contract was made by an agent of the survivor, such agent could not testify, since it would give the surviving litigant an advantage. But it must be remembered that the deceased's side of the controversy also has an advantage not possessed by the survivor in that the latter can be forced to testify against himself, while the deceased, of course, cannot. [Ess v. Griffith, 139 Mo. 322; Estate of Soulard, 141 Mo. 642; Borgess v. Vette, 142 Mo. 560; Rice v. Waddill, 168 Mo. 99.] This, as practitioners know, is sometimes a very material and valuable advantage. We must assume that the Legislature in determining upon this important policy of judicial procedure, was aware of these respective advantages and thought they were merely adventitious,

and so framed the statute that they would balance, as near as may be, and thus practically, in general results, the nearest approach to equality would be attained.

Again, defendant attacks the ruling of which he complains on the mere score of authority. He insists that the rule announced in Clark v. Thias, *supra,* is contrary to Stanton v. Ryan, *supra,* Williams v. Edwards, 94 Mo. 447, and the later case of Asbury v. Hicklin, 181 Mo. 658, and should not be followed. It, however, will be observed by reference to page 672 of the report of Asbury v. Hicklin, that the point there was merely suggested and was not decided. And if we go back to Stanton v. Ryan and Williams v. Edwards, we find that in the former, one party was a partnership and the member who made the contract for the firm died and it was held, on one branch of the case, that the other party could not testify. But it will be borne in mind that there is no division of entity between the partner and the partnership; he is a component portion of every part of it; and the death of a member is the death or dissolution of the partnership itself. It is true that if a member of a partnership should die, who did not make the contract, it would not disqualify the opposite party; but that would result from a lack of any reason for disqualification. And in the case of Williams v. Edwards, we find that one party was held to be disqualified on account of the death of the agent of the other party chiefly on the ground that such other party was a corporation, only capable of acting through agents, and that the agent was *pro hac vice* the corporation itself and his death was, in respect to the matter considered, tantamount to the death of the corporation; and so the same may be said of the opinion of Hall, J., in Nichols, Shepard & Co. v. Jones, 32 Mo. App. 657.

As already intimated, there are a number of cases with which Clark v. Thias is not in harmony. We need not discuss them; but from what we have here written

it will be seen that we regard the rule stated by Judge Fox writing the opinion in that case, as being the most consistent and reasonable interpretation of the statute as applied to the common law which it was designed to effect. Furthermore, the case is specifically approved in Green Real Estate Co. v. Building Co., 196 Mo. 358, and is directly supported in other states with statutes similar to—some of them identical with—ours. [Lytle v. Bond, 40 Vt. 618; Gifford v. Thomas, 62 Vt. 34; Sargeant v. Insurance Co., 189 Pa. St. 341; Cobb v. Wolf, 96 Ky. 418; Goodell v. Gibbons, 91 Va. 608; Reynolds v. Calloway, 31 Gratt. 436; Adams v. Board of Trustees, 37 Fla. 266; Whitman v. Foley, 125 N. Y. 651; Shaub v. Smith, 50 Ohio St. 648; Darwin v. Keigher, 45 Minn. 64.]

It has been frequently broadly stated that if the agent of the deceased party who made the contract, is dead, the other party cannot testify and that if the agent is alive, he may testify. As applied to corporations and partnerships we have no objection to that statement for the reasons already stated. But as to individuals, the statute does not say so. The statute only allows the fact that an agent made the contract to affect the competency of the surviving party as a witness in one instance and that is where an executor or administrator is the other party. In such instance such other party may testify if the contract was made with an agent who is alive and competent to testify at the time the testimony is offered. The statute reads that no person shall be disqualified as a witness on account of interest, provided, that in actions where an executor or administrator is a party, the other party shall not testify unless the contract in issue was originally made with a person who is living. Now it would seem to be clear that the statute in specifically mentioning when an agent would affect the qualification of the other party, meant to exclude his influencing the qualification of witnesses in all other instances. Where is there any author-

ity, except in cases where an executor or administrator, or a partnership or a corporation is a party, for the holding that the life or death of a contracting agent made or unmade a witness of the other party? Wherever such ruling is made, it is nothing less than inserting a condition or qualification the Legislature saw fit to omit. It is applying a qualification to all classes of cases which the Legislature limited to one class.

Again, in all instances, other than where executors or administrators are parties, the qualification of the surviving party as made by the proviso of the statute, is that he must be one of the parties to the contract and also to the suit. It reads that "where one of the original parties to the contract or cause of action in issue and on trial is dead . . . the other party to such contract or cause of action shall not be admitted to testify," etc. The party thus referred to is the party who made the contract and who *also* is a *party to the suit*. Now while one might stretch the meaning of the words "party to the contract" to mean an agent who made it for his principal, what will he do with the additional qualification that he must be also a party to the suit? No one having in mind the entire section, including its specific mention of one instance of agency, ought to say that a agent who may even not be such at the time the question arises, could be made to occupy the place of a party to the suit. That the person meant by the statute must be not only a party to the original contract, but also a party to the suit, is established by our Supreme Court. [Looker v. Davis, 47 Mo. 145; approved in Reed v. Painter, 145 Mo. 341; Green Real Estate Co. v. Building Co., 196 Mo. 358, 370; Klosterman, Adm'r. v. Loose, 58 Mo. 290, 294; State ex rel. v. Huff, 63 Mo. 288.] And by the courts of other states with the same or similar statutory provisions. [Kenyon v. Peirce, 17 R. I. 794; Wright v. Gilbert, 51 Md. 146, 157; Granger v. Bassett, 98 Mass. 462; Bigelow v. Heyer, 3 Allen 243; Chamberlain v. Chamberlain, 4 Allen 184; Logan v. Logan, 108

Ga. 760; Cullen v. Woolverton, 65 N. J. L. 279; McBrien v. Martin, 87 Tenn. 13; Montague v. Thomason, 91 Tenn. 168; Whitman v. Foley, 125 N. Y. 651.]

It is true there are several states in which it is ruled that the life or death of an agent of a deceased principal qualifies or disqualifies the adverse party to the suit as a witness. But those rulings are in *obedience to statutes* which, in express terms, provide for it. [Trunkey v. Hedstrom, 131 Ill. 204; Roberts v. Remy, 56 Ohio St. 249; Sutherland v. Ross, 140 Pa. St. 379; Warth v. Brafman, 85 Md. 674.]

It is thus seen that by some remarks of our courts to be found in decisions, they have asserted that to be law which is not expressed in our statute by intendment or otherwise.

It, however, is suggested that the agent who was permitted to testify in plaintiff's behalf was her husband; and also that he was interested. The first part of this is answered by the statute itself in another section (4656) where it is written that being the husband will not disqualify him as a witness, and so it is stated in Stanton v. Ryan, *supra.*

As to his being interested, it is not said how, or in what way. But waiving that, it will be seen from Weiermueller v. Scullin, 203 Mo. 466, that interest as a disqualification is totally abolished by the first clause of section 4652 of the statute, and that it is not restored by the proviso. As stated by Judge WOODSON, the proviso forbids testimony of the surviving party for the reason that the other party is dead and not that the survivor is interested. Such surviving party instead of being totally incompetent on account of his interest, as he was at common law, is as already stated, competent for some purposes; he may still testify to all transactions and contracts had with others; to which the deceased was not a party and of which he had no knowledge. It is true that there are some cases which announce, in terms, that if one party is dead the common

law applies to, the other the same as if the statute had not been enacted; that is, he was incompetent by reason of being interested.     But those cases are overruled. [Weiermueller v. Scullin, *supra;* Wade v. Hardy, 75 Mo. 394.]    Interest, either as a party or an agent, does not determine or affect the question of the competency of either as a witness.

In conclusion we will say that we do not think Clark v. Thias, approved as it is in Green Real Estate Co. v. Building Co., *supra,* is a departure, or that it overrules the number of cases thought by counsel.   When those cases are examined it will be found that in some of them the portions of the opinion stated to be affected by Clark v. Thias were mere expressions of *dictum,* not concerning the point in judgment; others fall under the special terms of the statute as to executors or administrators and to instances of corporations or partnership, and are properly decided; yet others may be wholly opposed to the construction which Clark v. Thias places on the statute and are thus overruled.   We follow it as the last decision and controlling upon us.   We do so willingly, since we are convinced that in affirming the competency of an agent as a witness where the other party is dead, it is the true construction of the statute, and that it finds support in other states with similar enactment.

We therefore affirm the judgment.   All concur.