Margaret M. Pinner, administratrix, *vs.* Edward H.
Temple.

Suffolk.   May 20, 1935. — June 27, 1935.

Present: Rugg, C.J., Pierce, Field, Lummus, & Qua, JJ.

*Husband and Wife.   Set-off.   Equity Jurisdiction,* Circuity of action.

One indebted to his mother-in-law for money borrowed could not, after
her death, avoid payment to her estate on the grounds that the money
was spent for the "joint expenses" of him and his wife, later divorced
from him, and that the former wife had become administratrix of her
mother's estate and as her sole next of kin would benefit if he were
compelled to pay.
In a proceeding by an administrator to collect a debt due the estate, the
debtor cannot set off a claim against the administrator personally,
though the administrator is also sole next of kin.

Bill in equity, filed in the Superior Court with a writ
of summons and attachment dated May 31, 1929.

The proceedings are described in the opinion.   The de-
fendant's amended answer was struck out by order of
*Weed,* J., and the final decree after rescript was entered by
order of *Whiting,* J.

The case was submitted on briefs.

*J. H. Powers,* for the defendant.

*P. B. Buzzell & C. C. Craig,* for the plaintiff.

Lummus, J.   This bill for an accounting was brought by
Nellie L. B. Millett against a man who was formerly the
husband of her daughter, now Margaret M. Pinner.   A final
decree ordered the defendant to pay a balance resulting
from $400 borrowed by him from Nellie L. B. Millett and
about $1,100 of her money retained by him.   On appeal the
final decree was affirmed.   *Millett* v. *Temple,* 280 Mass. 543;
*S. C.* 285 Mass. 87.   Before entry of final decree after
rescript, she died on March 11, 1934, and Margaret M.
Pinner was admitted to prosecute the suit as administratrix.

The defendant was then allowed to amend his answer by
setting forth that the estate was amply solvent, that Mar-

garet M. Pinner was the only heir at law and next of kin of the original plaintiff, that the money for which he was required to account was used, while he and Margaret M. Pinner were living together as husband and wife, "for their joint expenses," and that, if he is compelled to pay, the payment will benefit Margaret M. Pinner as next of kin.

As permitted by Rule 29 of the Superior Court (1932), the plaintiff moved that this amended answer "be stricken out for the reason that it discloses no defense or counterclaim." The motion was allowed. A new final decree was entered against the defendant on December 14, 1934, and he appealed.

The amended answer disclosed no defence, and was properly struck out. Presumptively the defendant was under legal obligation to support his wife at his own expense. *Shaw v. Thompson*, 16 Pick. 198. *Prescott v. Webster*, 175 Mass. 316. *Lavoie v. Dube*, 229 Mass. 87, 89. *Sherry v. Littlefield*, 232 Mass. 220, 224. *Fisher v. Drew*, 247 Mass. 178, 182. *French v. McAnarney*, 290 Mass. 544, 547. If he supported his wife out of money borrowed from Nellie L. B. Millett, or wrongfully withheld from her, he became the primary debtor to her, and cannot ask from his wife contribution, much less exoneration, and still less repayment of that part of the money which was spent for his own support. Yet those are in effect the remedies which he seeks. Moreover, if he were entitled to those remedies, it would be against the policy of the law to interfere with the collection and distribution of the assets of an estate in a probate court by allowing claims to be set off which are held against the administratrix in a capacity different from that in which she is seeking to collect the assets. Circuity of action is not worth avoiding at the price of such confusion as might result. *Bennett v. Woodman*, 116 Mass. 518. *Seaver v. Weston*, 163 Mass. 202. *Clabburn v. Phillips*, 245 Mass. 47. *Slocum v. Metropolitan Life Ins. Co.* 245 Mass. 565.

*Decree affirmed with costs.*