IN

# THE SUPREME COURT

.OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1869, AT JEFFERSON CITY.

———◇———

JOHN W. SCRUGGS, Defendant in Error, *v.* JAMES A. SCRUGGS
and N. B. SCRUGGS, Plaintiffs in Error.

1. *Limitations — Adverse Possession, what proof of required.*— In an action of
ejectment it is not necessary to the success of a defense under the statute of
limitations that the adverse character of defendants' possession should be
brought home to the actual knowledge of plaintiff by affirmative proof. If
the defendants' possession be adverse to all others, open and notorious, and
held by them under claim of title, it is sufficient in its character, whether
plaintiff knew the facts or not.

### *Error to First District Court.*

This was an action of ejectment, commenced by John W.
Scruggs against James A. and N. B. Scruggs in the Circuit
Court of Cole county, for possession of certain lands. The
defendants pleaded the statute of limitations, which was the only
question in the case.

The judgment of the Circuit Court was affirmed by the First
District Court, to reverse which judgment the case is brought here
by writ of error.

*A. M. Lay*, and *G. T. White*, for plaintiffs in error.

The Circuit Court erred in giving the instructions asked by
plaintiff. The first instruction was not in accordance with the

proof.   The second instruction should also have been refused, because the jury were told that defendants, to avail themselves of the statute of limitations, must affirmatively show by proof that their possession must have been held adversely to all others, and that plaintiff knew it.   Such is not the law.   An adverse possession, as against plaintiff, was all that was required ; and if there was any concealment by defendants whereby plaintiff was unable to know that they were holding adversely to him, or if there was any other fact to preclude his knowledge, that fact should have been set up in the replication.   The eleventh instruction was erroneous. The jury ought to have been allowed to look at all the circumstances in the case, the relationship of the parties, and the character and manner of dealing that had been carried on between them.

*Ewing & Smith*, for defendant in error.

I.  The Circuit Court did not err in giving the instructions for defendant in error.   These instructions, or the most of them, are identical with those heretofore passed upon by this court.   (41 Mo. 242.)

II.  The second instruction given for the plaintiff, of which the defendants so much complain, is substantially the same as the third instruction asked and given defendants.   Both plaintiff and defendants ask the court to declare that adverse possession of the land, to avail against the other, must be with the knowledge of the party holding the legal title thereto.   Where both plaintiff and defendants ask a court to declare a like principle of law, and the court does so, the defendants, by their act, are estopped from complaining of the action of the Circuit Court.   (Chamberlin v. Smith, 1 Mo. 482 ; Flowers v. Helm, 29 Mo. 324.)

III.  As to what constitutes adverse possession, see 32 Mo. 558 ; 34 Mo. 44 ; 22 Mo. 267 ;  33 Mo. 35, 191, 176 ; 28 Mo. 483 ; Ang. Lim. 478, § 21.

CURRIER, Judge, delivered the opinion of the court.

This is an ejectment suit brought to recover possession of a tract of land in Cole county.   The defense relied on is the statute

of limitations; and the instructions given by the court, at the instance of the plaintiff, bearing on this defense, constitute the only subjects of inquiry in the cause. The second of these instructions is in these words: "To enable the defendants to avail themselves of the statute of limitations it must affirmatively appear to the jury by proof that their possession of the land in controversy must have been held adversely to all others (and that the plaintiff knew it) uninterruptedly for ten years prior to the commencement of this suit; and unless the jury are so satisfied, they will find for the plaintiff." This instruction is manifestly wrong in directing the jury that it was necessary to the success of the defense that the adverse character of the defendants' possession should be brought home to the actual knowledge of the plaintiff by affirmative proofs. If the defendants' possession was adverse to all others, open and notorious, and held by them under claim of title, it was sufficient in its character, whether the plaintiff knew the facts or not. Nor is the defect of the instruction cured by the third instruction given for the defendants, as urged in argument by the plaintiff's counsel. This third instruction given for the defendants seems to have been based upon the idea that the possession of the defendants, under claim of title, with actual knowledge of the plaintiff, would be good against him, although not of that adverse and public character to make it available as against the rest of the world. It attempts to present a view of the case different from that involved in the plaintiff's instruction under consideration, and does not relieve the latter from its misleading character.

There are other instructions given for the plaintiff which are open to criticism. The first instruction, instead of putting it to the jury to find whether the plaintiff was "entitled to possession," which presents a legal proposition, should have left it to the jury to find the facts on which the right of possession rested. The facts presented in the tenth instruction do not warrant the conclusion that the defendants, as between them and the plaintiff, were estopped from insisting on the defense of the statute of limitations. Nor are we quite satisfied with the eleventh instruction, which seems designed to take from the jury the consideration

of the mutual accounts, dealings, and relations subsisting between the plaintiff and his father, James H. Scruggs. These instructions were not passed upon in the decision of Scruggs v. Scruggs, 41 Mo. 242. The judgment of the court below in that case, having been for the defendants, involved other and different questions.

The judgment of the District Court is reversed and the cause remanded for a new trial. The other judges concur.