The City of St. Louis v. Priest.

THE CITY OF ST. LOUIS v. PRIEST *et al., Appellants.*

DIVISION TWO.

1. **Mortgage:** FORECLOSURE: ADVERSE POSSESSION: LIMITATIONS. A foreclosure and sale under an unsatisfied mortgage or deed of trust will not be barred by the statutes of limitation, unless there has been an adverse possession of the mortgaged property for the requisite period to complete the bar.

2. ———— : ———— : CONSTRUCTIVE POSSESSION. As between mortgagor and mortgagee, the principle of constructive possession has no application before the conditions of the mortgage are broken, as the rights of each are subordinate to those of the other until the breach occurs.

3. **Adverse Possession.** Adverse possession is the act of holding possession and claiming the right to do so, against one having a superior right or title.

4. **Mortgage:** ADVERSE POSSESSION : LIMITATIONS. In the absence of actual, visible adverse possession by the mortgagor, the rights of the mortgagee will be unaffected by the statutes of limitation.

5. ————: VOID FORECLOSURE: CANCELLATION OF NOTES. When the mortgagee became the purchaser at the foreclosure sale for the amount of the unpaid notes secured by the mortgage which notes were canceled and surrendered to the mortgagor, and the sale was afterward declared to be void, such cancellation will not be held to have satisfied the mortgage. The debt still remains unpaid and the mortgage in full force and may be foreclosed by new proceedings, in the absence of the requisite adverse possession by the mortgagor, to complete the bar of the statute of limitations, although the notes are in the possession of the mortgagor.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*W. H. Clopton* and *Chester H. Krum* for appellants.

(1) The court erred in excluding testimony offered by defendant. *Wilson v. Albert,* 89 Mo. 545. (2) The notes of defendant and John J. Anderson were, as matter of fact, canceled in December, 1864, and the deeds of trust were then delivered to the grantor, John G. Priest. That was a complete release of the deeds of trust. Mortgages, though under seal, may be released by parol. 1 Hill on Mortg. 519 ; *Wallis v. Long,* 16 Ala. 738. (3) By the extinguishment of the debt, *ipso facto,* the perfect legal title relapsed to the defendant Priest and John J. Anderson. *Walcop v. McKinney,* 10 Mo. 229. The following cases hold that an assignment of the notes carries the lien of the mortgage : *Johnson v. Johnson,* 81 Mo. 331 ; *Christian v. Newberry,* 61 Mo. 446 ; *Perkins v. Stone,* 23 Tex. 563 ; *Sargent v. Howe,* 21 Ill. 149 ; *Herring v. Woodhull,* 29 Ill. 99 ; *Vansant v. Almon,* 23 Ill. 30. A *fortiori,* will the cancellation of the notes destroy the mortgage. (4)

The City of St. Louis v. Priest.

The statute bars plaintiff. *Bush v. White*, 85 Mo. 359; *Johnson v. Johnson*, 81 Mo. 331; *Lewis v. Schwenn*, 93 Mo. 26; *Booker v. Armstrong*, 93 Mo. 50; *Gardner v. Terry*, 99 Mo. 523.

*Leverett Bell* for respondent.

The attitude of the city in this case is that of a mortgagee in possession who brings its action to foreclose the equity of redemption. The decisions to the effect that as between a mortgagor in possession and the mortgagee the statute begins to run from the maturity of the secured debt do not control the decision of this case. Those decisions are based on the idea that as between a mortgagor in possession and the mortgagee there exists no relation of trust or any other relation that will prevent the statute from running. But as between a mortgagee in possession and the mortgagor there has always been held to exist a relation of trust. In *Bush v. White*, 85 Mo. at page 360, it is said: "To prevent misunderstanding, I will add here, that when the mortgagee is in possession I do not doubt the doctrine of his relation as a trustee to the premises he holds to secure the mortgage debt." The city purchased in good faith at the trustee's sale on December 15, 1864. The sale was void. The purchase money was applied to the extinguishment of the notes, and they were marked canceled by the comptroller, and delivered to Priest and Anderson. The city is entitled to have the indebtedness, the unpaid purchase money, represented by said notes, reinstated, and to look to the property for payment of the same and interest.

MACFARLANE, J.—The evidence in this case shows that, in the year 1859, the city of St. Louis sold and conveyed to defendant Priest and one John J. Anderson certain lots in the city of St. Louis; that, at the same time, Priest and Anderson conveyed the same property

to one Stephen Hoyt as trustee to secure certain notes made by them to the plaintiff, the city of St. Louis. Those notes were given as part of the purchase price of the lots. In December, 1864, some of these notes remaining unpaid, a sale was made under the power contained in the deed of trust, and the city became the purchaser for the amount of the unpaid notes. A deed was made to the city, and the notes were canceled by this indorsement: "Canceled by sale December 15, 1864," and delivered to the makers.

The lots were vacant and unimproved from the date of sale in 1859 to about March, 1880, when they were fenced by the city, and have been kept inclosed since that time. From 1865, the property was listed by the city assessor as being the property of the city. The sale by the trustee, and the deed thereunder, were declared void by this court in 1886. This suit was commenced at once by the city against Priest and Anderson's grantee, the purpose of which was to obtain a foreclosure of the deed of trust. Defendants pleaded payment, and the statutes of limitation. A decree of foreclosure was rendered by the circuit court, and defendants appealed therefrom.

It is now too well settled in this state, to admit of further discussion that a foreclosure and sale, under an unsatisfied mortgage, or deed of trust, will not be barred by the statutes of limitation, unless there has been an adverse possession of the mortgaged property, for the requisite period to create the bar. *Lewis v. Schwenn,* 93 Mo. 29 ; *Booker v. Armstrong,* 93 Mo. 55 ; *Gardner v. Terry,* 99 Mo. 524.

The possession of real estate which will create a bar, under the statutes of limitation, must be actual, open and visible ; such as will give notice to all the world that a claim of ownership is asserted. *Scruggs v. Scruggs,* 43 Mo. 142 ; *Bowman v. Lee,* 48 Mo. 335 ; *Gray v. Givens,* 26 Mo. 291.

It is true, that, where the property is wholly unoccupied, the constructive possession follows the title. As between mortgagor and mortgagee, that principle has no application before the conditions of the mortgage are broken, for the reason that, until the breach occurs, the rights of each are in subordination to those of the other. Their claims are not hostile. Wood on Lim. 446.

After conditions broken, constructive possession would not be adverse within the meaning of that term as applied to the statute of limitation. Adverse possession is the act of holding possession and claiming the right to do so, against one having a superior right or title. Two things, it is said, must concur: "*First*, an ouster of the real owner, followed by an *actual possession* by the adverse claimant; and, *second*, an *intention* on the part of the latter to so oust the owner and possess for himself." Sedg. & Wait., Trials, sec. 729; *Davis v. Bowman*, 55 Miss. 765.

Before the mortgagor could be said to hold adversely to the mortgagee, so as to start the running of the statute, an actual as distinguished from a constructive possession would be essential. In the absence of actual visible possession by the mortgagor, the rights of the mortgagee will be unaffected by the statutes of limitation.

The notes were surrendered under the mistaken belief that a valid sale of the property had been made, and not with a view of satisfying, or releasing, the deed of trust, or of assigning the notes. The city has claimed, under this deed of trust, from 1864, the date of the attempted sale, asserting its title whenever necessary to do so. For nearly twenty-two years after the sale, the mortgagors did no single act, so far as the abstract of the record shows, indicative of any proprietary interest in the property. Under these circumstances, it could not have been the understanding of the parties that the

deed of trust was released by the cancellation of the notes.

If a third party had purchased at the trustee's sale, and the notes had been paid by the purchase money, the purchaser would have been subrogated to the rights of the city. *Wilcoxen v. Osborn*, 77 Mo. 632 ; *Honaker v. Shough*, 55 Mo. 472, cases cited. No reason can be seen why, when the city purchased, and applied the notes in payment of the amount of its bid, it should not still hold the property under the deed of trust for reimbursement. Defendants do not claim to have paid the notes, and are in no situation to demand a discharge of the security held by plaintiff. The notes, if still in the possession of the city, would be barred by the statutes of limitation, and the makers could not be held for any deficiency after foreclosure. The debt due the city being unpaid, and the deed of trust being in full force, the fact that the notes are in the possession of the defendants, under the circumstances shown, would be of no consequence.

Judgment affirmed. All the judges of the division concur.