# KIRTON et al. v. BULL, Appellant.

### Division One, May 21, 1902.

1. Ejectment: PLEAS: STRIKING OUT.  The record showed paper title in defendant's uncle, and plaintiffs claimed as heirs of their father who had been placed in possession by said uncle.  Their brother, the defendant, in addition to a general denial, set up two special pleas; first, a parol contract with the uncle duly performed, to take possession, and support defendant's father and mother during their lives; second, a judgment in a suit under the thirty-year statute, by the defendant in possession against the heirs of the uncle, vesting their title in defendant.  In neither plea was it alleged that plaintiffs claim title under the uncle, or that any judgment against the uncle's heirs had any binding force on them.  *Held*, the materiality of the pleas not appearing on the face of the petition, the court did not err in striking them out.

2. ———: WITNESSES: HEIRS OF DECEASED CLAIMANT.  Where plaintiffs claim an interest in the land as heirs under parol gift thereof from their uncle to their father, and defendant's plea is a general denial, they are incompetent to testify to matters occurring prior to the death of their uncle and father, but competent to testify to matters occurring after their decease.

3. ———: ———: DEPOSITIONS: SICKNESS: OLD AGE.  A witness was seventy-six years old and had been physically unable to leave her home, distant three miles from the courthouse, for nine years, and her brother was seventy-four, had been in attendance upon the court the day before his deposition was offered, was taken sick that day, went to the home of his daughter, distant twelve miles, and was physically unable to return.  *Held*, that it sufficiently appears, that these witnesses "by reason of age, sickness and bodily infirmity were unable to attend court," and, hence, no error was committed in permitting their depositions to be read.

4. ———: ———: ———: NO EXCEPTIONS.  Where objections to testimony contained in a deposition are not renewed at the trial, and no exception is saved to a failure to rule thereon, they can not be urged on appeal.

5. ————: COURT SITTING AS JURY: REVIEWING EVIDENCE. Where the court, sitting as a jury, in an ejectment, finds that plaintiffs' uncle by parol gave the land in suit to their father, and in pursuance thereof he moved thereon with his family and occupied it for twenty-nine years, till his death, and then his wife thereafter occupied it until her death less than ten years before the suit was brought, and there is substantial evidence to sustain that finding, it has the same conclusiveness upon the appellate court as the verdict of a jury. In such case the appellate court is not called upon to review the evidence or determine its weight.

6. ————: GIFT BY PAROL: POSSESSION: SUBSEQUENT CONVEYANCE. Where there has been a gift by parol of land and possession by the donee for the statutory period of twenty years, and a subsequent parol contract with the donor to convey the land to a son of the donee if he would take care of the original donee and his wife during life, a joint occupancy by him and them thereafter, does not cause the statute of limitations to run in the son's favor and against them.

7. ————: ADVERSE POSSESSION. Adverse possession not only bars action, but confers title.

Appeal from Cooper Circuit Court.—*Hon. Samuel Davis, Judge.*

AFFIRMED.

*C. W. Journey, C. D. Corum* and *John Cosgrove* for appellant.

(1) It was error to strike out the answer setting up the parol contract between defendant and George W. Bull and John Bull. Fisher v. Stevens, 143 Mo. 181; Swope v. Weller, 119 Mo. 556; Bank v. Reed, 131 Mo. 553; Carney v. Carney, 95 Mo. 353. (2) The cause of action in issue and on trial was, Did John Bull, during his life, convert his possession, which was taken in subordination to, and in recognition of George W. Bull's title, into an adverse and hostile holding against George W. Bull? Both George W. Bull and John Bull died in 1872—John Bull, if living, would not

have been a competent witness. His children and grand-children, who derived whatever claim and title he possessed, were not any more competent as witness than John Bull. R. S. 1899, sec. 4652; O'Bryan v. Allen, 108 Mo. 227; Messimer v. McCray, 113 Mo. 382; Leach v. McFadden, 110 Mo. 584; Rice v. Shipley, 159 Mo. 405; Chapman v. Dougherty, 87 Mo. 617. (3) The trial court should have excluded the depositions of the plaintiffs, George J. Bull and Eliza J. Kirton, had they been qualified witnesses. Mrs. Kirton was living within two or three miles of the courthouse. George J. Bull was as well able to attend court as he was to ride on a visit to his daughter twelve or fifteen miles. It was unfair to the defendant to permit the depositions to be read as evidence under the circumstances of this case. The alleged conversation of Mrs. Kirton with her mother was incompetent. Plaintiffs claimed under John Bull and de-fendant's objection to that character of evidence should have been sustained. It is based on hearsay and the biased deduc-tions of the witness. Had the witness been competent to testify under any circumstances, this testimony should have been excluded. The "mental" ownership of witness or alleged declarations of her deceased mother were not competent for any purpose. Wilson v. Purl, 133 Mo. 372; s. c., 148 Mo. 452; Rothwell v. Jamison, 147 Mo. 610; Courtney v. Black-well, 150 Mo. 276; Watson v. Bissell, 27 Mo. 223; Turner v. Belden, 9 Mo. 464; Hambright v. Brockman, 59 Mo. 58; Morey v. Staley, 54 Mo. 419. (4) The possession of John Bull was taken in recognition of and in subordination to the title of George W. Bull, who had the fee simple title. Pos-session so taken by John Bull could not be converted into one of hostility without some act or conduct on the part of John Bull, of a character to advise George W. Bull of the hostile or changed attitude of John Bull's holding or pos-session. Comstock v. Eastwood, 108 Mo. 48; Handlan v. McManus, 100 Mo. 129. (a) The possession of John Bull,

in the circumstances of this case, could give plaintiff no rights or claim based upon the statute of limitations. "Possession can never become adverse so long as it is held under a lease or license." Butler v. Lawson, 72 Mo. 249; Handlan v. McManus, 100 Mo. 129; Budd v. Collins, 69 Mo. 129; Fulkerson v. Brownlee, 69 Mo. 371; Estes v. Long, 71 Mo. 609. (b) Under the facts in this case, it devolved on plaintiffs to show that George W. Bull had actual knowledge that John Bull claimed the land in opposition to, and defiance of his, the said George W. Bull's, title. This, the evidence did not even tend to show. Humewell v. Burchett, 152 Mo. 614. (5) There was no evidence tending in any degree to show that John Bull did anything which could be construed to be hostile or adverse to George W. Bull's title. Meier v. Meier, 105 Mo. 432; Wilson v. Purl, 148 Mo. 449.

*W. M. Williams* and *Rutherford & Chambers* for respondent.

(1) The special defenses set up in the answer were properly stricken out. The petition is in the usual form. The answer contains a general denial. It then pleads a contract between defendant and one George W. Bull and also a decree in defendant's favor against the heirs of George W. Bull, deceased. There is nothing upon the face of the pleadings to connect plaintiffs with George W. Bull, or to show how they can be affected by a contract with him, or a decree against his heirs. (2) The court ruled that the plaintiffs were incompetent to testify in their own behalf to anything that occurred prior to the death of George Bull and John Bull, but that they were competent witnesses as to transactions with defendant, and matters that occurred after the death of said parties. This is in accordance with the doctrine announced by this court in many cases. Eyermann v.

Vol 168 mo—40.

Piron, 151 Mo. 114; Martin v. Jones, 59 Mo. 187; Poe v. Domic, 54 Mo. 119; Stanton v. Ryan, 41 Mo. 510. (3) This is an action at law. It is clear that the case was tried upon the proper theory. It is conceded that the declarations of law given by the court in behalf of plaintiffs are correct. "Continuous adverse possession under a parol gift for the statutory period will not only constitute a perfect defense against the donor and those that claim under him, but it will confer title on the donee." Allen v. Mansfield, 108 Mo. 343; Bank v. Fife, 95 Mo. 118; Rannells v. Rannells, 52 Mo. 108; Sunner v. Stevens, 47 Mass. 337. (4) Respondents' right and title do not spring from the parol gift, but from the adverse possession and claim of ownership of their ancestor continued for the statutory period. They are not in a court of equity asking the specific performance of a parol contract. The authorities concerning the *quantum* of evidence necessary for specific performance of such a contract have no application here. This is a suit at law. The nature of John Bull's possession, and whether it was adverse was a question of fact, under proper declarations of law, to be determined by the court, sitting as a jury; and if there was any substantial evidence to support the finding of the trial court, it is conclusive in this court. This court can not in an action at law weigh the evidence. Moore v. Farmer, 156 Mo. 33; Wheeler v. Laid (Mass.), 18 N. E. 212; Railroad v. Houghton, 1 L. R. A. 216. (5) The statute of limitations did not run in favor of defendant and against his father and mother while he occupied the place jointly with them. Hume v. Hopkins, 140 Mo. 76. If John Bull acquired title to the land by adverse possession, his widow, upon his death in 1872, under her dower and quarantine rights, was entitled to the land. The statute of limitation did not begin to run against plaintiffs until she died in 1892. Melton v. Fitch, 125 Mo. 281;

Holmes v. Kring, 93 Mo. 452; Brown v. More, 74 Mo. 633; Hall v. French, 65 S. W. 769.

BRACE, P. J.—This is an action in ejectment, in which plaintiffs seek to recover possession of the undivided five-sixths of a tract of land in Cooper county, containing 320 acres, of which they allege they are tenants in common with the defendant. The judgment was for the plaintiffs, and the defendant appeals.

The parties are the heirs at law of John Bull, deceased, who died in possession of the premises in the year 1872. The record title is in George W. Bull, a brother of the said John, who died in the same year. John Bull went into possession of the premises in the year 1843, and thereafter continued in the peaceful and uninterrupted possession of the same until his death in 1872, and thereafter his widow continued in like possession until her death in 1892. The defendant, one of the sons of John Bull, was living with his father, on the premises where he died, and thereafter in like manner continued to live on the premises with his mother until her death in 1892, and thereafter remaining in possession of the premises and refusing to make partition thereof with the plaintiffs, the other heirs at law, children and grandchildren of the said John Bull, and asserting right and title to the premises exclusive of them, this suit was brought.

The petition is in the usual form.

The answer contained a general denial and two special pleas.

First, a parol contract, which defendant alleges was duly performed by him, by which his uncle, the said George W. Bull, agreed in the year 1866, that, if defendant would move on the farm, and care for same, and also support, care for and maintain the said John Bull and his wife so long as said John Bull should live, the said George W. Bull would convey the premises to the defendant.

Second, a judgment of the circuit court of Cooper county in favor of the defendant against the heirs at law of George W. Bull deceased in a proceeding under section 6770, Revised Statutes 1889, vesting their title to the premises in the defendant.

On motion of plaintiff, the special pleas were stricken from the answer, and the case was tried before the court without a jury upon the issues raised by the general denial. At the close of the evidence, the court overruled a demurrer to the evidence, and declared the law of the case as follows:

### FOR PLAINTIFF.

"1. The court declares the law to be that possession taken under a parol gift is adverse in the donee against the donor, and that if George Bull bought the land sued for, for his brother, John Bull, and put the latter in possession thereof under a parol gift in the year 1844, and that John Bull built a house thereon, and moved upon said land with his family and continued thereafter to reside upon, use and occupy said land, and to exercise the usual acts of ownership over the same for more than twenty years, and that this was known to his brother, George W. Bull, then at the expiration of the twenty years the legal title to said land vested in said John Bull, and upon his death in 1872 the title to said land descended to his children, share and share alike, subject to the quarantine and dower rights of his widow, and upon her death in the year 1892, they became entitled to the possession of said land, and the court will so find.

"2. If the court believes from the evidence, that, in the year 1843 or 1844, George Bull bought the land in controversy for his brother, John Bull, and made a parol gift thereof to him, and put said John Bull in possession thereof, and said John Bull built a house thereon and moved upon it with his family and used it as his own, and that the said John

Bull remained in the open, continuous and notorious adverse possession thereof from and after the year 1844 until his death in 1872, and that his widow lived upon said land until her death in the year 1892, and that the plaintiffs, George J. Bull, Elizabeth Jane Kirton and Virginia McClain are children of the said John Bull, deceased, and that J. W. Bull and Lavina Larimore are the only children surviving J. W. M. Bull, a deceased son of the said John Bull, and that George Norris and Lena Norris, plaintiffs herein, are the only surviving heirs of Lavina Bull Oglesby, a deceased daughter of the said John Bull, and that these, together with defendant, Thomas Bull, are the only heirs of said John Bull, then the court must find that the plaintiffs are entitled to recover five-sixths of said land; notwithstanding the court may further find and believe from the evidence that defendant Thomas H. Bull moved upon said land with the permission and consent of his father, and resided thereon with his father and mother until their death, and had the active management of the farming operations upon said land.

"3.   If the court believes from the evidence, that in the year 1844 John Bull took possession of the land in controversy under parol gift thereof from his brother George Bull to him, then the possession taken under said parol gift was adverse in said donee against the said donor, and twenty years continuous possession thereafter on the part of said John Bull would perfect his title to said land as against the said George Bull.

"4.   If the court believes from the evidence, that in the year 1844, John Bull, now deceased, took possession of the land in controversy under a parol gift thereof from his brother George Bull to him, and that said John Bull remained in possession thereof for more than twenty years claiming it as his own, with the knowledge of the said George Bull, then the legal title to said land was vested in the said John Bull, and the statute of limitations would not run in favor of

Thomas H. Bull against the other heirs of the said John Bull during the lifetime of the widow of the said John Bull, deceased.

"Which said declarations of law asked by the plaintiffs the court gave; to which action and ruling of the court the defendant, by counsel, duly excepted at the time."

### FOR DEFENDANT.

"4. If the court shall believe and find from the evidence that George W. Bull, in 1843, purchased the land in the petition described, and received a deed conveying and vesting the title thereof in him, and that John Bull entered into possession of said land, recognizing that George W. Bull was the owner thereof; and that said John Bull remained upon said land until his death without informing, notifying, or doing some act or acts to advise George W. Bull that he was holding said land in hostility to the title of the said George W. Bull, then the judgment and finding of the court should be for the defendant."

(1) It is contended that the trial court erred in striking out the special defenses set up in the answer. In neither of these pleas is it alleged that plaintiffs claim title under George W. Bull, nor do they contain any allegations connecting plaintiffs with his title, or tending to show that any contract made by George W. Bull, or any judgment rendered against his heirs, had any binding force on the plaintiffs, hence, the materiality of the allegation therein contained did not appear on the face of these pleas, and the court did not err in striking them out, for that reason. The fact is, the defendant was not claiming title under George W. Bull, but by possession adverse to that title, and these pleas added nothing to the force of the general denial under which, in ejectment, the defendant may offer evidence of any matter tend-

ing to defeat the plaintiff's action. [7 Ency. of Plead. and Prac., 340.]

(2) It is next contended that the court erred in admitting the evidence of three of the plaintiffs, George J. Bull, Elizabeth J. Kirton and J. W. Bull. When the evidence of these witnesses was offered, it was objected to on the grounds that they were incompetent under the statute. The objections were sustained as to matters testified to by them occurring prior to the death of George W. Bull and John Bull, and overruled as to matters occurring after their death. This ruling is in harmony with the uniform ruling of this court on this subject and in it there was no error. [Eyermann v. Piron, 151 Mo. 107; Banking House v. Rood, 132 Mo. 256; Miller v. Wilson, 126 Mo. 48; Orr v. Rode, 101 Mo. 387; Martin v. Jones, 59 Mo. 181; Poe v. Domic, 54 Mo. 119; Coughlin v. Haeussler, 50 Mo. 126.]

The evidence of two of these witnesses, Mrs. Kirton and George J. Bull, was in the shape of depositions, and to the reading of them the defendant objected on the further ground that they should have been present at the trial to testify orally. It appears from the evidence offered on this objection that Mrs. Kirton was seventy-six years old and had been physically unable to leave her home, distant from Boonville three and a half miles, for nine years, and that Mr. Bull was seventy-four years old, had been in attendance upon the court the day before his deposition was offered, was taken sick that day, went to the home of his daughter, distant some ten or twelve miles from the city, and was physically unable to return the next day. Thereupon the objection was overruled, and in this there was no error, as it sufficiently appeared that these witnesses "by reason of age, sickness and bodily infirmity were unable to attend court." [R. S. 1899, sec. 2904.] The defendant was present and cross-examined these witnesses when their depositions were taken, and although the most material part of their evidence was ruled out, yet, it is further

complained of as error that the court did not sustain the objections of the defendant made at the taking to some of the evidence of Mrs. Kirton. But as it does not appear from the record that these objections were urged in the trial court, that any ruling thereon was made or excepted to, the defendant is in no position to urge them here. We find no error in the rulings of the court upon the admission of evidence.

(3) With the legal propositions laid down by the court in its declarations of law, counsel for defendant find no fault, but they contend that there was not sufficient evidence on which to base them, and that the demurrer to the evidence ought to have been sustained.

The evidence tended to prove that the land in question at the time of the trial was worth about $14,000; that by deed dated September 4, 1843, it was conveyed by the executors of Samuel Griffith, deceased, to George W. Bull, for the consideration of $1,672; that at that time it was wild, unimproved land, part prairie and part timber; that George W. Bull was then a resident of the city of Baltimore in the State of Maryland; that his brother John Bull was then a resident of Cooper county in the State of Missouri; that prior to that time John Bull had resided in Baltimore and had failed in business there; that in 1841, leaving debts unpaid, he came with his family, consisting of his wife, four sons and three daughters, the oldest a son about twenty years of age, to Cooper county, Missouri, where, at the time this deed was made, he was living on a rented farm; that George W. Bull was then in Cooper county on a visit to his brother, and that he bought the land in question for a home for his brother and his family; that immediately thereafter John Bull went into possession of the premises, erected a house thereon, moved his family into it, and commenced inclosing and otherwise improving the land, claiming that his brother had bought it for him, and from that time on, he continued in the open, exclusive, notorious and uninterrupted posses-

sion of the premises, continuously paying the taxes, cultivating, improving and leasing the lands, and exercising all the usual acts of ownership, on and over it, until the day of his death in the year 1872, a period of about twenty-nine years. That George W. Bull for a like period, that is to say, from the time of the purchase in 1843 until his death in 1872, during which he twice visited his brother, once in 1849 and once in 1866, gave no attention to this land, took no interest in it, exercised no control over it, had nothing whatever to do with and never set up any claims to it, nor have his heirs since his death ever made any claim to the land. In these facts, without going further, certainly may be found substantial evidence tending to prove twenty years' adverse possession of the premises by John Bull under a parol gift from his brother. This was the basic fact found by the court upon which the declarations of law were predicated. This is an action at law tried before the court, sitting as a jury, in which the finding of facts by the court is just as conclusive upon this court as the verdict of a jury (Smith v. Royse, 165 Mo. 658, and cases cited; Moore v. Farmer, 156 Mo. 33); and there being substantial evidence to support its finding in this case, there was no error in overruling the demurrer to the evidence. If this were a suit in equity for the specific performance of a parol contract, the argument of counsel for defendant on the weight of evidence in such cases, would have much force. But as this does not belong to that class of cases in which we are called upon to review the evidence and determine its weight, we find it unnecessary to review that argument.

Adverse possession not only bars action, but confers title, and as John Bull's adverse possession had ripened into a perfect legal title, at the latest as early as the year 1865, which at his death in 1872 vested in his heirs at law, subject to the possessory rights of his wife, who died in 1892, and as the rights of these parties could not have been affected in

any manner by the alleged contract of the defendant with his uncle in 1866, or his proceeding against his uncle's heirs in 1898, set up in the answer, the court declared the law correctly, committed no error in refusing defendant's declarations of law, and tried the case upon the correct theory.

The judgment is for the right party, and is affirmed. All concur.