WEIERMUELLER, Appellant, v. SCULLIN, Respondent.

**St. Louis Court of Appeals, November 17, 1903.**

1. **WITNESS: One Party to Contract Dead.** Where one party to a contract or cause of action is dead, the other party is a competent witness to conversations and transactions had with, and testified to, by a living witness.

2. ———: ———. Where a widow sued upon an account which had been given to her by her deceased husband and where she testified to conversations had by her with the defendant, in relation to his obligation on the account and his promises with respect to it, it was competent for him to testify in relation to the same conversations.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*John J. O'Connor* for appellant.

According to the evidence on both sides, the account sued upon represents money received by defendant from Samuel Weiermueller in 1889, and which he promised to repay to Weiermueller. Before payment, Weiermueller assigned the debt to his wife and died. Thereafter, defendant made payments on the assigned debt to her, and refused to pay more. This suit is against the said debtor for what she claims to be still

due on said debt. Under such circumstances Weier-mueller being dead, it was error to permit defendant to testify to the amount of the indebtedness, or permit him to testify at all over plaintiff's objections, based upon the ground that Weiermueller, with whom the defendant had the transaction, was dead. He was incompetent to testify in the case for any purpose whatever. Sec. 4652, R. S. 1889; Curd v. Brown, 148 Mo. 95, 49 S. W. 990; Wood v. Mathews, 73 Mo. 477; Leeper v. Taylor, 111 Mo. 323, 19 S. W. 995; Bagnell v. Bank, 76 Mo. App. 125. Nor could he testify in contradiction of plaintiff's statements.

*Scullin & Chopin* for respondent.

Respondent was properly permitted to testify, as a matter of denial, to the real statements made to appellant concerning the transactions with her husband, after appellant had testified as to the purport of such conversations. Wade v. Hardy, 75 Mo. 394; Palmer v. Kellogg, 11 Grey 27; Cronan v. Cotting, 99 Mass. 334; Henry v. Buddecke, 81 Mo. App. 360; Kirton v. Bull, 168 Mo. 622, 68 S. W. 927.

### STATEMENT.

Plaintiff is the widow of Samuel Weiermueller. The evidence of plaintiff tends to show that on his death bed Samuel Weiermueller handed plaintiff a piece of paper on which was written the following:

' "St. Louis, Mo., August —, 1889.
"James Scullin, debtor to Samuel Weiermueller,
"To money loaned.................$250.00."

He said to her: "I will give this to you. You make the collection of it and keep it yourself."

Plaintiff testified that sometime after the death of her husband, she presented the account to Scullin and he said that he owed it and would pay it to her as soon

as he was able, and on May 6, 1897, he paid her five dollars on the account, and thereafter, from time to time, up to and including September 14, 1901, he made small payments to her, ranging from one to ten dollars and aggregating the sum of $167.75; that after September 14, 1901, he refused to make any more payments on the account.

Scullin testified over the objection of plaintiff, as follows:

"The first time she came she said, 'I understand that you have promised'—in the first place she said that she was very hard up, and said she did not have any money and that she understood her husband to say that I had promised to pay him back some money that he had paid me for those teams, and I told her that that was right; that I had done that. She asked me how much it was, and I told her that it was $140, and I told her that I had promised him just before he died that I would do that, and that I would just as soon as I was able, and I did do it. I paid her from time to time five dollars until I had it more than paid up, in fact, I kept giving her money until she came to me with her husband, and then I told her that that settled it, I wouldn't pay her any more, that I had more than paid her what I had promised to pay her."

He further testified that plaintiff never presented any account to him and that he had never promised to pay her any more than one hundred and forty dollars, and that he had paid her over that amount; that he paid her more than he owed her husband for the reason that her husband had been a particular friend of his and that he had been in his employ for over thirteen years and he wanted to help his widow along; that in September, 1901, she came to him and told him that she was married again and after learning this fact he refused to give her any more money.

The verdict and judgment were for the defendant. Plaintiff appealed.

BLAND, P. J. (after stating the facts).—Appellant's contention is that Scullin was an incompetent witness for any purpose and cites section 4652, Revised Statutes 1899, as sustaining this contention. Counsel misconceives the scope of that clause in the section which declares that "in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify either in his own favor," etc. Some of the earlier cases construing this clause of the section seem to lend some support to appellant's construction, but the later ones have given it a more equitable construction and hold that the surviving party is not absolutely cut off from testifying at all, but is a competent witness to conversations, transactions, etc., had with and testified to by a living witness, in respect to the contract or cause of action in issue and on trial. [Kirton v. Bull, 168 Mo. 622, 68 S. W. 927, and cases cited on page 631; Eyermann v. Piron, 151 Mo. 107, 52 S. W. 229.]

As was said in Henry v. Buddecke, 81 Mo. App. 360, "The spirit of the statute is not to close the mouth of the living party to a contract, where the other party is dead, under all conditions and in every circumstance, but to close his mouth, where to permit him to speak would give him an advantage which he would not have were the other party living." The transactions and conversation to which Scullin was admitted to testify were had with the appellant, a living person. And it would be a hard rule to admit plaintiff to testify to conversations and promises made to her by Scullin and then deny him the right to contradict such conversations and agreements, if not true. This view of the competency of Scullin to give testimony he was admitted to give, disposes of appellant's objection to the instructions given and refused by the court. The instruc-

tions given are supported by the evidence and fairly and fully submitted all the issues to the jury.

The judgment is affirmed.   *Reyburn* and *Goode, JJ.*, concur.